```
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
```

_____

In re:                                          CASE NO. 06-22132

CARMEN V. BADAGLIACCA and
DAWN M. BADAGLIACCA,

                            Debtors.    DECISION & ORDER
_____

MICHAEL H. ARNOLD, As Trustee,

                            Plaintiff,

         vs.                            AP NO.  08-2032

BANK OF NEW YORK TRUST CO., JP
MORGAN CHASE & CO., AMERIQUEST
MORTGAGE CORPORATION, WILSHIRE
CREDIT CORPORATION, EASTMAN
SAVINGS & LOAN ASSOCIATION and
HSBC MORTGAGE CORP. (USA),

                            Defendants,
_____

## BACKGROUND

On November 2, 2006, the Debtors, Carmen V. Badagliacca and Dawn M. Badagliacca (collectively the "Debtors") filed a petition initiating a Chapter 13 case, and George M. Reiber, Esq. was appointed as their Chapter 13 Trustee (the "Chapter 13 Trustee").

In the Schedules and Statements required to be filed by Section 521 and Rule 1007, the Debtors indicated that: (1) they owned a residence at 281 Holmes Road, Rochester, New York (the "Holmes Road Property"); (2) The Holmes Road Property was

encumbered by a second mortgage (the "HSBC Mortgage"), executed in 2003 in favor of HSBC Mortgage Corporation (USA) ("HSBC"); (3) the Holmes Road Property was also encumbered by a first mortgage (the "Wilshire Mortgage"), executed in 2004 in favor of Wilshire Credit Corporation ("Wilshire"), which was a refinance of a prior mortgage in favor of Eastman Savings and Loan Association ("ESL"); and (4) the Wilshire Mortgage "does not appear to have been recorded."

During the Debtors' Chapter 13 proceeding it was discovered that: (1) the Wilshire Mortgage was originally executed in favor of Ameriquest Mortgage ("Ameriquest") on October 26, 2004; (2) the Mortgage was assigned by Ameriquest to JP Morgan Chase ("Chase"), which then assigned it to Bank of New York ("BONY"), the current holder of the Wilshire Mortgage; (3) Wilshire was not the owner, but was the servicing agent for BONY in connection with the Mortgage; and (4) the Wilshire Mortgage was in fact recorded in the Office of the Clerk of the County of Monroe on or about November 5, 2004, but the Mortgage misspelled the Debtors surname as "Badaglicca."

In the Debtors' Chapter 13 case, the Chapter 13 Trustee asserted that the Wilshire Mortgage was avoidable pursuant to the provisions of Section 544(a)(3),[1] and he commenced an adversary

---

[1] Section 544 (a)(3) provides that:

(a) The trustee shall have, as of the commencement of the case, and

**Page 2**

proceeding seeking such avoidance. As a result, the interested parties in the case attempted to develop a consensual Chapter 13 Plan that would allow for the full payment of the unsecured creditors as well as the Wilshire Mortgage. On January 31, 2008, after those attempts failed, the Debtors converted their Chapter 13 case to a Chapter 7 case, and Michael H. Arnold, Esq. was appointed as their Chapter 7 Trustee (the "Chapter 7 Trustee").

On May 6, 2008, the Chapter 7 Trustee commenced an adversary proceeding (the "Avoidance Action") against ESL, HSBC, Ameriquest, Chase, BONY and Wilshire, which requested that the Court determine that the Wilshire Mortgage was avoidable pursuant to the provisions of Section 544(a)(3).

On June 6, 2008 Wilshire interposed an Answer to the Complaint in the Avoidance Action, and BONY and Ameriquest also interposed Answers in opposition to the requested avoidance. ESL and HSBC interposed limited opposition in order to clarify that their liens would not be affected by an avoidance of the Wilshire Mortgage.

---

without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
    (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544 (2009).

**Page 3**

BK. 06-22132
AP. 08-2032

On December 11, 2008, after the Court had conducted a pretrial conference in the Avoidance Action, the Chapter 7 Trustee filed a motion for summary judgment on his avoidance cause of action, and for a default judgment against BONY and Chase, which had failed to interpose an Answer (collectively the "Summary Judgment Motion").[2]

The Summary Judgment Motion asserted that: (1) on line searches of the real estate records in the Monroe County Clerk's Office for the correct names of each Debtor, copies of which were attached as exhibits to the Motion, did not show the Wilshire Mortgage as a lien or encumbrance against the Holmes Road Property; (2) an additional search of the real estate records in the Monroe County Clerk's Office for the surname "Badaglicca," also attached as an exhibit to the Motion, did show the Wilshire Mortgage as a lien or encumbrance against the Holmes Road Property; (3) as determined by the New York State Supreme Court Appellate Division in *Coco v. Ranalletta*, 759 N.Y.S. 2d 274, 305 A.D. 2d 1082, at 1082-83 (4th Dept. 2003) ("*Ranalletta*"), parties were not on constructive notice of recorded mortgages with misspelled surnames;[3] (4) under New York Real Property Law Section 291, an

---

[2] BONY interposed Opposition to the Summary Judgment Motion, which the Court accepted as an Answer in the Avoidance Action.

[3] The Court in Ranalletta stated: "defendant is not charged with constructive notice of plaintiff's previously recorded mortgage, which was incorrectly indexed as a result of the misspelling of the mortgagor's name on plaintiff's mortgage instrument. Because plaintiff's mortgage is recorded

Page 4

improperly recorded mortgage is valid as between the mortgagor and mortgagee, but is otherwise void as against a bona fide purchaser who first records its interest;[4] (5) the Court should avoid the Wilshire Mortgage, because the Debtors' surname on the Mortgage was incorrectly spelled, and was, therefore recorded outside the chain of title and not effective against a bona fide purchaser for value under New York State Law; and (6) pursuant Section 544(a)(3), the Chapter 7 Trustee, as of the commencement of the case, has the rights of a bona fide purchaser of real property from the debtor, and thus could avoid the Wilshire Mortgage.

---

outside the relevant chain of title, defendant is not chargeable with constructive notice thereof. Although the Monroe County Clerk's computerized index may be searched phonetically to reveal plaintiff's mortgage despite the misspelling, the existence of such a search capability 'has no bearing on the dispositive issue of whether...[defendant is charged with] constructive notice of [plaintiff's] undischarged mortgage,' inasmuch as defendant is 'not required to search outside his direct chain of title [citations omitted]'"

[4] Real Property Law, Section 291 provides that:

[a] conveyance of real property, within the state, on being duly acknowledged by the person executing the same, or proved as required by this chapter, and such acknowledgment or proof duly certified when required by chapter, may be recorded in the office of the clerk of the county where such real property is situated, and such county clerk shall, upon the request of any party, on tender of the lawful fees therefor, record the same in this said office. Every such conveyance not so recorded is void as against any person who subsequently purchases or acquires by exchange or contacts to purchase or acquire by assignment the rent to accrue therefrom as provided in section two hundred ninety-four-a of the real property law, in good faith and for a valuable consideration, from the same vendor or assignor, his distributees or devisees, and whose conveyance, contract or assignment is first duly recorded, and is void as against the lien upon the same real property or any portion thereof arising from payments made upon the execution of or pursuant to the terms of a contract with the same vendor, his distributees or devisees, if such contract is made in good faith and is first duly recorded.

N.Y. McKinney's Real Property Law Section 291 (2005).

**BK. 06-22132**
**AP. 08-2032**

On December 16, 2008, Wilshire and BONY interposed Objections to the Summary Judgment Motion, which asserted that: (1) notwithstanding the decision in *Ranalletta* regarding whether a mortgage recorded with a misspelled surname provided constructive notice, in the Debtors' bankruptcy case, both the Chapter 13 Trustee and the Chapter 7 Trustee had actual notice of the Wilshire Mortgage because the Debtors' schedules, filed along with their petition at the commencement of their case, disclosed the Mortgage and indicated that it had a balance due of approximately one hundred eighty-thousand dollars ($180,000.00); (2) with actual knowledge of the Wilshire Mortgage, the Chapter 7 Trustee cannot prevail as a bona fide purchaser under Section 544(a)(3); and (3) BONY should be found to be equitably subrogated to the rights of ESL, whose previously properly recorded mortgage was refinanced by the Wilshire Mortgage.

In a number of reply pleadings, the parties put forth: (1) further opposing arguments regarding any actual and constructive knowledge and notice that a trustee might be charged with under Section 544(a)(3), based upon the pleadings, other than the petition, that are filed by a debtor in a bankruptcy case, or by other proceedings the case; and (2) the elements of equitable subrogation and the circumstances under which a Court should enforce the doctrine in a Section 544(a)(3) case, all the parties

**Page 6**

citing and distinguishing *Taxel v. Chase Manhattan Bank* (*In re Deuel*), 361 B.R. 509 (B.A.P. 9th Cir. 2006) ("*Deuel*") in their arguments.

## **DISCUSSION**

     The Summary Judgment Motion is in all respects granted, for the following reasons:

1. Section 544(a)(3) gives a Chapter 7 trustee the status, rights and remedies of a bona fide purchaser of real property for value under New York Law. In evaluating the strong-arm rights of a trustee as a hypothetical bona fide purchaser of real property, the Bankruptcy Court looks to the substantive state law regarding bona fide purchaser status pertaining to the property that is the subject of the strong-arm avoidance proceeding. See *In re Mosello*, 190 B.R. 165 (Bankr. S.D.N.Y. 1995);

2. It is clear from the decision in *Ranalletta* that a mortgage such as the Wilshire Mortgage, which is erroneously indexed because of a misspelled surname, takes that conveyance outside of the chain of title in New York, which is a title recording state;

3.  The searches of the real estate records of the Monroe County Clerk's Office, annexed as exhibits to the Summary Judgment Motion, clearly demonstrate that a bona fide purchaser for value would not have learned of the Wilshire Mortgage by searching those real estate records under the Debtors' properly spelled name;

4.  This Court agrees with the reasoning and decision in *Deuel* that any information a trustee may learn from: (a) a debtor's schedules or statements; (b) testimony at a Section 341 Meeting of Creditors; or (c) otherwise, including from interested parties, does not provide actual or constructive knowledge or notice to the trustee as of the commencement of the case, since the commencement of the case occurs solely with the filing of a petition;

5.  Section 544(a)(3) is clear that a trustee's avoidance powers exist "without regard to any knowledge;"

6.  As also discussed and analyzed in *Deuel*, equitable subrogation is not appropriate on the facts and circumstances of this case where the mortgagor, a sophisticated commercial entity, failed to draft its documentation properly, or to thereafter check, after its mortgage was recorded, to insure that it was properly recorded and became a lien or encumbrance against the Debtors' property; and

**Page 8**

**BK. 06-22132**
**AP. 08-2032**

7. Congress has granted the trustee the specific avoidance powers and rights of a bona fide purchaser for value without notice or knowledge as of the commencement of the case, and in this Courts view, it would be inequitable and an abuse of discretion, for it to enforce the doctrine of equitable subrogation against a bona fide purchaser for value without notice or knowledge.

### **CONCLUSION**

Pursuant to Sections 544(a)(1) and 551, the lien of the Wilshire Mortgage on the Holmes Road Property is avoided and preserved for the benefit of the estate, as against all of the mortgagees in question, Ameriquest, Chase and BONY, as well as Wilshire, as servicing agent, and the HSBC Mortgage shall be preserved and not avoided.

**IT IS SO ORDERED.**

                                            _____/s/_____
                                            **HON. JOHN C. NINFO, II**
                                            **U.S. BANKRUPTCY JUDGE**

**Dated: February 23, 2009**